IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,                              ORDER

v.                              07-CR-010-WMC-01

MALIENA SLABY

Defendant.

A hearing on the probation office's petition for judicial review of Maliena Slaby's supervised release was held on January 5, 2012, before U. S. District Judge William M. Conley.   The government appeared by Assistant U.S. Attorney Grant C. Johnson. Defendant was present in person and by Associate Federal Defender Erika L. Bierma.  Also present was Senior U. S. Probation Officer Helen Healy Raatz.

From the record, I make the following findings of fact, which are not disputed.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 1, 2007, following her conviction for possession of a forged security, in violation of 18 U.S.C. § 513(a), which was part of a pattern of fraud totaling almost $200,000 against her employer. This offense is a Class C felony.  She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 24 months, with a 36-month term of supervised release to follow.

Defendant began her term of supervised release on February 24, 2009.

In January, March, April, June, and October 2010; and February, June, August, September, October, and November 2011, defendant violated the monetary condition

requiring her to submit nominal payments of a minimum of 10 percent of her net monthly income or $300 per month, whichever is greater, when she failed to submit restitution payments.  In January, February, June, September, and October 2011, she violated the statutory condition prohibiting her from committing another federal, state, or local crime, and Standard Condition No. 2 requiring her to submit a truthful and complete written report within the first five days of each month, when she falsely reported on her monthly supervision reports that she had submitted restitution payments.

Defendant's conduct falls into the category of a Grade B violation.  Section 7B1.1(a)(2) of the advisory guidelines provides that the court shall revoke supervised release upon finding of a Grade B violation.

## CONCLUSIONS

Defendant's violations warrant revocation, particularly since her current acts of deception are very much in keeping with the ongoing acts of fraud against her former employer that landed her in prison in the first place.  Sadly, this suggests both that she learned little from that experience and is at risk of re-offending and that she was not sincere in her commitment to make amends for past frauds.  Accordingly, the 36-month term of supervised release imposed on defendant on May 1, 2007, will be revoked.

Defendant's criminal history category is I.  With a Grade B violation and a criminal history category of I, defendant has an advisory guideline term of imprisonment of 4 to 10 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the

2

offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for her behavior and provide a deterrent against future criminal behavior.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 1, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one day. I order that credit be given for defendant's appearance today. An 18-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special conditions:

(7)  Not transfer, give away, sell or otherwise convey any asset without the prior approval of the supervising U.S. probation officer;

(8)  Undergo at least one financial evaluation per year which may involve use of a polygraph, as approved by the supervising U.S. probation officer;

(9)  Not make purchases greater than $250 without prior approval of the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 5th day of January, 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
U.S. District Judge

3